UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UCT COATINGS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>INTERNATIONAL KNIFE & SAW, INC.,<br><br>    Defendant. | Civil Action No.: _____<br><br>**JURY TRIAL DEMANDED** |

**VERIFIED COMPLAINT AND REQUEST FOR
TEMPORARY, PRELIMINARY, AND PERMANENT INJUNCTIVE RELIEF**

Plaintiff UCT Coatings, Inc. ("UCT"), through its counsel, brings this Verified Complaint and Request for Temporary, Preliminary, and Permanent Injunctive Relief against Defendant International Knife & Saw, Inc. ("IKS"), and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. UCT is a corporation incorporated under the laws of the State of Florida with its principal place of business in the State of Florida.

2. IKS is a corporation incorporated under the laws of the State of South Carolina with its principal place of business in Florence County, South Carolina.

3. The amount in controversy exceeds $75,000 exclusive of interest and costs.

4. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) because UCT is a Florida citizen, IKS is a South Carolina citizen, and complete diversity exists.

5. This Court has personal jurisdiction over IKS because it is a South Carolina corporation with its principal place of business in South Carolina and committed the acts complained of here in South Carolina.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because IKS resides in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District (Florence Division).

## INTRODUCTION AND NATURE OF THE CASE

7. This action arises from IKS's refusal to honor UCT's contractual and equitable rights to federal Employee Retention Tax Credit ("ERTC") refunds attributable to IKS's pre–September 1, 2021, operating periods.

8. On October 5, 2023, UCT and IKS executed a Post-Closing Tax Claims and Credits Agreement ("Tax Claims Agreement") under which: (a) all claims, refunds, or other credits pertaining to business transactions occurring before September 1, 2021 "shall be the sole property of UCT Coatings, Inc."; and (b) if any such claims or credits are paid to IKS, IKS "agrees to forward the full amounts . . . to UCT Coatings, Inc. within ten (10) business days of receipt." A true and correct copy of the Tax Claims Agreement is attached here as **Exhibit A**.

9. On October 6, 2023, UCT and IKS executed a Termination of Joint Environmental Escrow and Indemnity Agreement with disbursement of funds and release of specified claims ("Escrow Termination Agreement"). A true and correct copy of the Escrow Termination Agreement is attached here as **Exhibit B**.

10. Beginning March 31, 2025, and continuing after that, the United States Treasury/IRS issued and IKS received multiple ERTC refund checks totaling at least $1,450,000 attributable to IKS's pre-closing quarters (including 4Q-2020, 1Q-2021, and 2Q-2021).

| Date | Quarter | Amount |
|---|---|---|
| March 31, 2025 | Q4 2020 | $459,161.83 |
| March 31, 2025 | Q1 2021 | $488,484.73 |
| July 28, 2025 | Q2 2021 | $502,571.55 |
| **TOTAL RECEIVED** | | **$1,450,218.11** |

Copies of representative refund checks and deposit evidence will be attached here as **Exhibit C.**

11.    Despite the Tax Claims Agreement's express ten-business-day turnover requirement and UCT's written demand, IKS failed and refuses to forward those refunds to UCT. A true and correct copy of UCT's August 22, 2025, written demand is attached here as **Exhibit D**.

12.    UCT is informed and believes that the IRS will issue at least two additional ERTC refund checks to IKS in the amounts of $216,723.10 and $526,361.63. These two additional refund payments, along with the three refund payments IKS has already received, total $2,193,302.84.

13.    UCT brings this action for breach of contract, conversion, breach of the implied covenant of good faith and fair dealing, unjust enrichment/restitution, constructive trust and accounting, declaratory judgment, restitution (as to a discrete escrow disbursement), and injunctive relief enjoining IKS from disbursing or encumbering any ERTC refunds and compelling turnover.

## FACTUAL ALLEGATIONS

14.    Before September 1, 2021, UCT owned about 80.95% of IKS.

15.    On or about September 1, 2021, UCT sold IKS under a Stock Purchase Agreement, with related post-closing undertakings and a $250,000 environmental escrow.

16.    In 2023, UCT facilitated ERTC claims for IKS covering pre-closing quarters, and on October 5, 2023, UCT and IKS memorialized the parties' understanding in the written Tax Claims Agreement (Ex. A).

17.    The Stock Purchase Agreement and the Tax Claims Agreement were drafted by IKS's own counsel, and the Tax Claims Agreement states that all pre-closing tax claims, refunds, or credits "shall be the sole property of UCT" and requires IKS to forward any such funds "within ten (10) business days of receipt."

18. The Tax Claims Agreement was supported by independent consideration, namely UCT's consent to resolve the environmental escrow and to handle pre-closing tax liabilities at its own expense.

19. UCT provided substantial consideration by paying pre-closing tax liabilities on IKS's behalf (*e.g.*, 2018 California tax bill in excess of $35,000; paid by UCT in August 2024) and by releasing escrow funds under the coordinated environmental settlement. IKS accepted and retained those benefits, thereby affirming and/or ratifying the Tax Claims Agreement.

20. On October 6, 2023, UCT and IKS executed the Escrow Termination Agreement (Ex. B), under which, among other things, specified environmental escrow funds were disbursed and claims resolved.

21. On or about March 31, 2025, the IRS issued to IKS ERTC refunds for 4Q-2020 and 1Q-2021 in the amounts of around $459,161.83 and $488,484.73, respectively. IKS deposited those funds.

22. On July 28, 2025, the IRS issued to IKS an ERTC refund for 2Q-2021 in the amount of around $502,571.55. IKS deposited those funds.

23. Additional ERTC refunds for pre-closing quarters (including but not limited to 3Q-2021) were expected and/or subsequently issued to IKS by the IRS.

24. UCT demanded performance under the Tax Claims Agreement on August 22, 2025 (Ex. D), but IKS failed and refused to forward any funds.

25. UCT has fully performed, tendered performance, or is excused from further performance under the parties' post-closing agreements, including by paying certain pre-closing tax liabilities when forwarded by IKS.

26. UCT has suffered and continues to suffer damages because of IKS's misconduct, including the loss of the use and value of the ERTC refunds, interest, costs of collection, and other consequential damages.

## CLAIMS FOR RELIEF

### COUNT I – BREACH OF CONTRACT (Tax Claims Agreement)

27. UCT incorporates by reference Paragraphs 1 through 26 as if fully set forth here.

28. The Tax Claims Agreement is a valid, binding contract supported by consideration.

29. Under the Tax Claims Agreement, ERTC refunds attributable to pre-September 1, 2021, periods are UCT's sole property, and IKS must forward any such funds to UCT within ten business days of receipt.

30. IKS received at least $1,450,000 in ERTC refunds attributable to pre-closing periods and failed to forward the funds within ten business days or at any time after that.

31. IKS's failure materially breaches the Tax Claims Agreement.

32. As a direct and proximate result, UCT has suffered damages in an amount to be proven at trial, but no less than the total of all pre-closing ERTC refunds received or to be received by IKS, plus interest, costs, and permissible attorneys' fees.

### COUNT II – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

33. UCT incorporates by reference Paragraphs 1 through 32 as if fully set forth here.

34. South Carolina law implies a covenant of good faith and fair dealing in every contract.

35. IKS breached that implied covenant by, among other things, concealing its intent not to forward ERTC funds, failing to segregate or remit funds it knew belonged to UCT, and undertaking steps to frustrate UCT's rights.

5

36. UCT has suffered damages because of IKS's bad-faith conduct.

## COUNT III - CONVERSION

37. UCT incorporates by reference Paragraphs 1 through 36 as if fully set forth here.

38. Through the Tax Claims Agreement, UCT has an immediate superior right to possession of pre-closing ERTC refunds.

39. IKS wrongfully exercised dominion and control over those specific funds by depositing, retaining, and/or using them in a manner inconsistent with UCT's rights.

40. UCT is entitled to recover the full amount converted, together with prejudgment interest.

## COUNT IV – UNJUST ENRICHMENT / RESTITUTION (In the Alternative)

41. UCT incorporates by reference Paragraphs 1 through 40 as if fully set forth here.

42. IKS has been enriched by retaining ERTC refunds that in equity and good conscience belong to UCT.

43. It is unjust for IKS to retain those funds and any benefits derived from them.

44. UCT seeks restitution/disgorgement of all such amounts, together with equitable interest.

## COUNT V – DECLARATORY JUDGMENT (28 U.S.C. § 2201)

45. UCT incorporates by reference Paragraphs 1 through 44 as if fully set forth here.

46. An actual, present controversy exists regarding the parties' rights to the ERTC refunds.

47. UCT seeks a declaration that (a) UCT is the sole owner of all ERTC refunds attributable to pre-September 1, 2021, periods; (b) IKS must forward any such funds to UCT within

ten business days of receipt; and (c) any purported assignment, pledge, or disbursement of those funds to third parties is subject to UCT's superior rights.

**COUNT VI – INJUNCTIVE RELIEF (TRO/Preliminary/Permanent)**

48. UCT incorporates by reference Paragraphs 1 through 47 as if fully set forth here.

49. UCT has a clear likelihood of success on the merits of its claims.

50. UCT will suffer immediate and irreparable harm absent injunctive relief because, among other things, ERTC refunds are specific, identifiable property to which UCT holds a superior ownership right under contract and in equity. Potential money transfers or encumbrances to third parties threaten dissipation of specific funds and frustrate UCT's ability to obtain complete relief.

51. The balance of equities favors UCT because IKS has no legitimate interest in disbursing or encumbering funds that contractually belong to UCT.

52. The public interest favors enforcement of contracts and prevention of wrongful dissipation of funds.

53. UCT seeks an order temporarily, preliminarily, and permanently enjoining IKS and its officers, agents, servants, employees, attorneys, and those in active concert with them from: (a) transferring, assigning, pledging, disbursing, spending, or otherwise encumbering any ERTC refund proceeds attributable to pre-September 1, 2021, periods; (b) paying or remitting any such funds to third parties; and (c) an order requiring that all such proceeds be immediately segregated into a separate, interest-bearing account and turned over to UCT within ten business days of receipt.

54. UCT further seeks an order compelling IKS to provide prompt written notice to UCT and the Court within one business day of receipt of any additional ERTC refunds and to deposit such refunds into the segregated account pending turnover.

## COUNT VII – CONSTRUCTIVE TRUST AND ACCOUNTING

55. UCT incorporates by reference Paragraphs 1 through 54 as if fully set forth here.

56. Equity requires imposition of a constructive trust over all ERTC refund proceeds (received or later received) attributable to pre-closing periods, because those funds are UCT's property and IKS would be unjustly enriched by retention.

57. UCT further seeks an accounting of all ERTC refunds received, any transfers or encumbrances, all locations of the funds, and any earnings or profits thereon.

## COUNT VIII – RESTITUTION (Escrow Disbursement)

58. UCT incorporates by reference Paragraphs 1 through 57 as if fully set forth here.

59. As part of the coordinated post-closing resolution, IKS received $76,743.63 from the environmental escrow in October 2023.

60. IKS's material breach of the Tax Claims Agreement and related bad-faith conduct vitiate the consideration and undermine the bargain embodied in the Escrow Termination Agreement to UCT's detriment.

61. In the alternative to contract enforcement, equity warrants restitution of $76,743.63 to UCT.

## CONDITIONS PRECEDENT

62. All conditions precedent to UCT's claims have been satisfied, performed, or excused.

## DEMAND FOR JURY TRIAL

63.  UCT demands a trial by jury on all legal issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, UCT requests that this Court:

A.  Enter judgment for UCT and against IKS on Counts I, II, and III, awarding damages in the amount of all pre-closing ERTC refunds received (and later received) by IKS, together with prejudgment interest, consequential damages, and allowable attorneys' fees and costs (including as provided in the parties' agreements);

B.  Alternatively, award restitution/disgorgement against IKS on Count IV;

C.  Declare the rights and obligations of the parties as requested in Count V;

D.  Issue temporary, preliminary, and permanent injunctive relief as requested in Count VI, including enjoining any transfer or disbursement of ERTC refunds (past or future) to third parties, requiring segregation, accounting, and turnover of such funds to UCT, and requiring immediate notice of any additional ERTC receipts;

E.  Impose a constructive trust over all such funds and order a full accounting as requested in Count VII;

F.  In the alternative, order restitution of the $76,743.63 escrow disbursement as requested in Count VIII;

G.  Award UCT its costs, expenses, and reasonable attorneys' fees to the fullest extent permitted by contract or law; and

H.  Grant such other and further relief as the Court deems just and proper.

*[Signature on the next page.]*

Respectfully submitted,

**WOMBLE BOND DICKINSON (US) LLP**

/s/ Kevin A. Hall
Kevin A. Hall (Federal Bar No. 5375)
kevin.hall@wbd-us.com
M. Todd Carroll (Federal Bar No. 9472)
todd.carroll@wbd-us.com
Andrew L. Dubin (Federal Bar No. 14545)
andrew.dubin@wbd-us.com
1221 Main Street, Suite 1600
Columbia, South Carolina 29201
Telephone: (803) 454-6504
Facsimile: (803) 454-6509

*Counsel for Plaintiff UCT Coatings, Inc.*

Dated: October 8, 2025
    Columbia, South Carolina

# VERIFICATION

I, Don Weeks, declare under penalty of perjury under the laws of the United States of America that I am an authorized representative of UCT Coatings, Inc.; that I have read the foregoing Verified Complaint and know the contents thereof; and that the factual allegations therein are true and correct to the best of my knowledge, information, and belief, based on documents maintained by UCT and information available to me.

Executed on ___October 6___, 2025, in ___Waynesville, NC___.

*Donald Lee Weeks*

Don Weeks

Authorized Representative, UCT Coatings, Inc.

STATE OF ___Texas___ )

COUNTY OF ___Cherokee___ )

Subscribed and sworn to (or affirmed) before me on ___10/06___, 2025, by Don Weeks, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

*Schronda M. Davis*

Notary Public

My commission expires: ___07/19/2026___

Schronda M Davis
ID NUMBER
133865076
COMMISSION EXPIRES
July 19, 2026

Electronically signed and notarized online using the Proof platform.